ROBERT K. PHILLIPS
Nevada Bar No. 11441
TIMOTHY D. KUHLS
Nevada Bar No. 13362
BAYLIE A. HELLMAN
Nevada Bar No. 14541
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Facsimile)
rphillips@psalaw.net
tkuhls@psalaw.net
bhellman@psalaw.net

*Attorneys for Defendants*
*Sprinter Trucking, Inc. &*
*William Glen Vaughn*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY BELLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GLEN VAUGHN, an individual; SPRINTER TRUCKING, INC., an Oregon foreign corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:    2:25-cv-00955-APG-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

COME NOW, Defendants, WILLIAM GLEN VAUGHN and SPRINTER TRUCKING, INC. (collectively "Defendants"), by and through their counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and Plaintiff, RICKEY BELLMAN ("Plaintiff"), by and through his counsel of record, THE BOURASSA LAW GROUP, do hereby stipulate to extend the remaining deadlines in the current scheduling order and discovery plan in this matter for a period of ninety (90) days for the reasons explained herein.

Pursuant to the Local Rule IA 6-1(b), the parties hereby aver that this is the <u>first such discovery extension</u> requested in this matter.

## DISCOVERY COMPLETED TO DATE

Plaintiff initiated this action on March 4, 2025 in the Eighth Judicial District Court. Plaintiff served Defendant, Sprinter Trucking, Inc. ("Sprinter Trucking"), with a copy of the summons and operative complaint on March 7, 2025. Sprinter Trucking filed a timely Answer on March 27, 2025. Plaintiff served Defendant, William Glen Vaughn ("Vaughn"), with a copy of the summons and operative complaint on May 29, 2025. Vaughn filed a timely Answer on March 30, 2025. Defendants properly removed the matter to this venue on May 30, 2025. The parties held their FRCP 26(f) conference on June 20, 2025. Other discovery completed to date is as follows:

- The parties have served their respective FRCP 26(a) disclosures;
    - Plaintiff served his initial FRCP 26(a) disclosure statement on May 23, 2025. Plaintiff has since served a supplement to his FRCP 26(a) disclosure statement on August 8, 2025;
    - Defendants served their initial FRCP 26(a) disclosure statement on June 25, 2025.
- Plaintiff has provided Defendants with provider specific authorizations. Defendants have served subpoenas for Plaintiff's complete pre-and-post-incident medical records;
- Plaintiff has served a subpoena for post-incident medical records;
- Sprinter Trucking served Plaintiff with an initial set of requests for admissions, requests for production of documents and interrogatories on July 3, 2025;
    - Plaintiff served timely responses to Sprinter Trucking, Inc.'s first set of requests for admissions, requests for production of documents and interrogatories on August 8, 2025;
- Plaintiff served Sprinter Trucking with an initial set of requests for admissions, requests for production of documents and interrogatories on August 1, 2025; and
- Plaintiff served Vaughn with an initial set of requests for production of documents and interrogatories on August 1, 2025.

. . .

. . .

. . .

**DISCOVERY TO BE COMPLETED**

Discovery to be completed includes:

- Sprinter Trucking, Inc. and Vaughn are to serve responses to Plaintiff's first set of requests for admissions, requests for production of documents and interrogatories;
- Deposition of Plaintiff;
- Deposition of Plaintiff's treating physicians;
- Depositions of character witnesses;
- Disclosure of experts by both parties;
- Depositions of expert witnesses and rebuttal expert witnesses;
- Deposition of Defendant Vaughn; and
- Deposition of Defendant's 30(b)(6) designee.

The parties aver, pursuant to LR 26-4, that good cause exists for the requested extension. The parties agree that, pending this Court's approval, extension of remaining discovery deadlines is appropriate, as both parties are currently awaiting additional subpoenaed medical records which are necessary for upcoming initial expert disclosures.

First, Plaintiff disclosed Maximum Velocity Physical Therapy as a treating provider on May 23, 2025. Records show Plaintiff treated with said provider prior to and after the subject motor vehicle collision at the heart of Plaintiff's operative complaint. That said, Plaintiff alleges he has incurred approximately $1,125.00 in past specials which he attributes to the subject MVA. That said, only billing records were provided along with Plaintiff's May 23, 2025 initial FRCP 26(a) disclosures. Both Plaintiff and Defendants recently subpoenaed Maximum Velocity Physical Therapy for Plaintiff's pre-and-post-incident medical records. Specifically, both Plaintiff and Defendants served said provider with separate subpoenas for records between July 17, 2025 and July 28, 2025, respectively. Said provider did not and has not responded to either subpoena. Both Plaintiff and Defendants have not received word from said provider on why their respective subpoenas for records would not and/or cannot not be honored.

Further, to date, a majority of Plaintiff's disclosed records reference treatment relative to Plaintiff's neck and lower back. That said, Plaintiff recently responded to written discovery and

supplemented his FRCP 26(a) disclosure statement on August 8, 2025. In doing so, Plaintiff realized that his medical providers had not provided all of his current medical records. Plaintiff has requested additional records and has produced additional records as they have been received. This includes for the first time, disclosed past medical specials from four (4) separate providers. Said treatment allegedly pertains to lower back medical branch block injections and radiofrequency ablations which were not previously disclosed. While Plaintiff's disclosure statement identifies said treatment as costing approximately $21,740.00, no medical records were provided evidencing said treatment.

Last, for the first time, Plaintiff's August 8, 2025 supplement to his initial FRCP 26(a) disclosure statement also identifies both: (1) a future medical care estimate totaling approximately $80,000.00; and (2) a lost wages claim, which is estimated to total more than $8,064.00.

As it stands today, the initial expert disclosure deadline date is set for September 26, 2025. Instead of file costly and unnecessary motions, the parties hereby agree that a 90-day extension of discovery is warranted in order to obtain Plaintiff's pre-and-post-incident Maximum Velocity Physical Therapy records, subpoena and obtain records from Plaintiff's recently-disclosed providers identified in his August 8, 2025 supplemental FRCP 26(a) disclosure statement, as well as conduct the necessary discovery needed evaluate the validity of Plaintiff's recently-disclosed future damages and lost wages claims. Given the breadth of discovery that is set to occur, along with the fact said discovery will infringe on the rapidly-approaching Thanksgiving Holiday, the parties agree a 90-day discovery extension shall ensure that meaningful discovery is conducted and completed in good faith.

The parties have no intent, nor reason, to delay the resolution of this matter.

### [PROPOSED] NEW DISCOVERY DEADLINES

**Last Day to Amend Pleadings or Add Parties:**

    Currently: August 28, 2025

    Proposed: **No Change**

**Expert Disclosure Deadline:**

    Currently: September 26, 2025

    Proposed: **December 24, 2025**

. . .

**Rebuttal Expert Disclosure Deadline:**

    Currently: October 27, 2025

    Proposed: **January 23, 2026**

**Discovery Cut-Off Date:**

    Currently: November 25, 2025

    Proposed: **February 23, 2026** (next judicial day)

**Dispositive Motion Deadline:**

    Currently: December 29, 2025

    Proposed: **March 27, 2026**

**Proposed Joint Pre-Trial Deadline:**

    Currently: January 28, 2026

    Proposed: **April 27, 2026**

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

If this extension is granted, all anticipated additional discovery should be concluded within the stipulated extended deadline. The parties aver that this request for extension of discovery deadlines is made by the parties in good faith and not for the purpose of delay.

DATED this 27th day of August 2025.

**THE BOURASSA LAW GROUP**

*/s/ Jennifer Fornetti, Esq.*

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
JENNIFER FORNETTI, ESQ.
Nevada Bar No. 7644
VALERIE S. CHRISTIAN
Nevada State Bar No. 14716
JOSEPH P. WALDMAN
Nevada State Bar No. 17010
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorneys for Plaintiff
Rickey Bellman*

DATED this 27th day of August 2025.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Baylie A. Hellman, Esq.*

ROBERT K. PHILLIPS
Nevada Bar No. 14411
TIMOTHY D. KUHLS
Nevada Bar No. 13362
BAYLIE A. HELLMAN
Nevada Bar No. 14541
504 South Ninth Street
Las Vegas, NV 89101

*Attorneys for Defendants
Sprinter Trucking, Inc. and
William Glen Vaughn*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 28, 2025

- 6 -